### MABEE et al. v. TOWN OF FAIRBANKS.
#### No. 5805.

District Court of Alaska. Fourth Division. Fairbanks.
May 19, 1948.

596

Warren A. Taylor, of Fairbanks, Alaska, for plaintiffs.

Collins & Clasby and Mike Stepovich, all of Fairbanks, Alaska, for defendant.

PRATT, District Judge.

This is in the nature of an equitable suit to restrain said Town from continuing multiple arrests of Plaintiffs for operating taxicabs from other than licensed places in the Town of Fairbanks, Alaska. It is submitted to the Court for decision upon the pleading, the arguments, briefs, Ordinance and stipulation of parties used in the hearing on the Order to Show Cause.

The pertinent Ordinance is Number 408, regulating the operation of taxicabs.

Section 3332, sub-paragraph 1 provides: "Every person * * * operating * * * taxicabs * * * shall operate * * * from a terminal owned or leased by such person * * * or shall be granted the revocable privilege of parking two (2) taxicabs * * * at one point designated by the Council as a Taxi stand and assigned to an operator by the City Manager."

Sub-paragraph 2 provides:

"Every person- * * * operating taxicabs * * * shall pay the following license fees in advance at the beginning of each calendar month or year:

"(a) Monthly curb stand fee—Twenty-Five Dollars ($25.00) per taxi or For Hire Automobile, for the number of vehicles for which terminal space is allocated.

"(b) Annual License Fee—Ten Dollars ($10.00) for each Taxi, or For Hire Automobile."

From the above it will be seen that the taxicab is to be operated from a terminal owned or leased by the taxicab owner, *or* he shall be granted a taxi stand on the streets.

The pleadings in this case show that the Plaintiffs were operating from a terminal owned or leased by them at 536 —2nd Avenue in said Town. Consequently, they were not entitled or required to have a taxi stand in the street assigned to them and they were not liable for the payment of the monthly curb stand fee mentioned in the Ordinance. There is no charge that they failed to pay the $10.00 annual license fee for each taxicab.

Thus arrests of Plaintiffs could not be validly made under said section.

Section 3329 of said Ordinance, sub-paragraph 1, defines "terminal" as follows: "Terminal, when used in this Ordinance shall be deemed to mean and include a privately owned station or depot from which the taxicab or motor bus operator shall operate his business of transportation of persons or property for hire within the city limits of the Town of Fairbanks." No parking space is included.

The space on the streets assigned to taxicabs by the City is called a "Taxicab stand" in sub-paragraph 1 of Section 3332, and those words will be used with that meaning.

The contents of Sections 3332(a) and 3332(b) make it seem possible that the word "or" was erroneously used in place of the word "and" in sub-paragraph 1 of Section 3332, and that said paragraph should read as follows:

"Every person * * * operating * * * taxicabs * * * shall operate * * * from a terminal owned or leased by such person * * * *and* shall be granted the revocable privilege of parking two (2) taxicabs * * * at one point designated by the Council as a Taxi stand and assigned to an operator by the City Manager."

As the Plaintiffs have a mere terminal, without any space for parking taxicabs except an unassigned place on the street, The City would have no cause of action for such street parking unless it is obligatory upon Plaintiffs to have a taxi stand assigned to them, and pay a monthly license fee.

Assuming the substitution of the word "and" for the word "or" in sub-paragraph 1 of Section 3332, we will examine the situation then presented by other sections of the Ordinance.

Section 3332(a) provides that every applicant for a taxi stand, and every applicant for a taxicab terminal shall furnish information to the Chief of Police, including the following: the location of the taxi stand; the location of the terminal; the number of automobiles to be operated, and a description of the same, and of the drivers; a showing that the applicant is insured with a standard insurance company against public liability and property damage; a showing that it is of public convenience and necessity that applicant be granted a license.

Section 3332(b) provides that upon the filing of the application for a license, the Chief of Police shall hold a hearing and make written findings of fact and recommendations, and file them with the Council. Upon the request of the applicant, a hearing shall be had upon objections to the findings, "and the Council shall, upon said record and argument, determine in its sole discretion whether such application shall be granted or denied, and if granted order the license issued or transferred as the case may be."

There is no provision that the license shall be issued if the Chief of Police recommends it, and presumably the applicant could not have a hearing before the Council if the Chief of Police had recommended the issuance of a license.

Section 2383, C.L.A. 1933, states, with reference to the powers of City Councils:

"The council shall have and exercise the following powers: * * * Twenty-first: By general ordinance to provide for the licensing and regulating of the use and operation of motor vehicles within the municipality * * * to regulate the operation of all such vehicles * * *

"Provided, that all licenses, regulations, * * * prescribed by the council shall be fair and reasonable."

■ For Section 3332(b) to be a valid provision, it should have provided for the issuance of a license upon the recommendation of the Chief of Police, and also that the Council should grant the license if the applicant was entitled thereto under the provisions of the ordinance, even though the Chief of Police had recommended to the contrary. To provide as it did that the Council, in its sole discretion, could grant or deny the license was unfair and unreasonable and made said section a special ordinance and not a general ordinance, as is required by law.

A further provision of said Section 3332(b) is that persons engaged in the taxicab business on the first of October, 1947, who had a license duly issued at that time under the provisions of the ordinances in force, should be given a license without any showing as to public convenience and necessity, or any hearing upon the payment of the license fees required by the ordinance.

■ If it was for the benefit of the people of Fairbanks that taxicabs should be licensed only to those who showed they were able to perform and give adequate service to the public, and that the issuance of the license would be in the public interest and in the public convenience and necessity, there would be equal reason for requiring a showing on these subjects from taxicab owners who had been operating before, as well as after, the first day of October, 1947, and the provision above-mentioned, exempting the taxicab owners who were operating upon the first day of October, 1947, would be unfair and unreasonable and discriminatory.

In Standard Oil Co. v. City of Charlottesville, 4 Civ., 1930, 42 F.2d 88, an ordinance was passed prohibiting gas stations to be set up within one hundred feet of a residence and exempting existing gas stations from the provisions of the ordinance. It was held unreasonable and invalid, as the fire hazard from a station established before the passage of the ordinance was as great as from a station established after the passage of the ordinance.

As the City Council has power to regulate the operation of motor vehicles only by general ordinance, it cannot delegate such a power, unless it prescribes definite rules under which the delegated power is to be exercised (43 C.J. 243). Consequently, the rules which should govern the City Manager in choosing the taxi stands to be assigned (sub-paragraph 1, Sec. 3332), should be set forth. Said section is therefore invalid for failing to set forth said rules.

Consequently the provisions of Sections 3332, 3332(a), and 3332(b) are invalid whether or not the word "and" be substituted in place of the word "or", as aforesaid, in sub-paragraph 1 of Section 3332. No valid arrest could be made of the Plaintiffs for violating said sections as they now exist.

The Plaintiffs' attorney may draw Findings of Fact, Conclusions of Law and Decree in accordance with this decision.